IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00862-CYC

JESSICA L. GONZALEZ,

    Plaintiff,

v.

COLORADO DOUGLAS COUNTY SHERIFF'S OFFICE,
DARREN M. WEEKLY,
TOMMY BURRELLA,
SHERIFF MYERS,
SHERIFF ORTIZ,
SHERIFF FEATHER,
SHERIFF BURETTA,
SHERIFF FITSGERALD,
SHERIFF PIROG,
SHERIFF B. BURRELLA,
SHERIFF MOORE,
CAPTAIN JOHN DOE (1),
CAPTAIN JOHN DOE (2),
CAPTAIN JANE DOE,
SHERIFF JOHN DOE (1),
SHERIFF JOHN DOE (2),
SHERIFF JANE DOE (1),
SHERIFF JANE DOE (2),
SHERIFF BURNS,
AISHA HENERY, Mental Health Employee,
MENTAL HEALTH EMPLOYEE JANE DOE,
MENTAL HEALTH EMPLOYEE JOHN DOE,
NURSE JANE DOE (1),
NURSE JANE DOE (2),
NURSE JANE DOE (3), and
NURSE JANE DOE (4),

    Defendants.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on two motions filed by the plaintiff. The first asks the Court to order the defendants to preserve relevant evidence by submitting it to the Court, ECF No. 20, and in the second Plaintiff Jessica L. Gonzalez moves for the appointment of pro bono counsel in a limited capacity to act as a "mentor and/or 'second chair'" to aid the plaintiff in the prosecution of this case, arguing that her case is too complex for her to handle alone. ECF No. 19. Oral argument will not materially assist in the resolution of this matter and the motions are appropriately considered even without a response from the defendants. *See* D.C.COLO.LCivR 7.1(d).

With regard to the motion asking the Court to order the defendants to submit relevant evidence to the Court for preservation, ECF No. 20, this motion is premature. The defendants have not yet been served. As a result, the motion, ECF No. 20, is **DENIED without prejudice**.

With regard to the plaintiff's request for the appointment of counsel, to be sure, pro bono counsel would aid the plaintiff, as it would in many pro se cases. Unfortunately, at this point, the plaintiff's request is premature and, as such, for the reasons that follow, the motion, ECF No. 19, is **DENIED without prejudice**.

## BACKGROUND

The plaintiff initiated this action by filing a pro se complaint on March 17, 2025. ECF No. 1. She was denied leave to proceed in forma pauperis, ECF No. 4. The plaintiff filed her amended complaint on June 20, 2025. ECF No. 13. In her amended complaint, she asserts that the defendants violated her constitutional rights in a variety of ways, including by sexually assaulting her, denying her medical case, placing her in restrictive confinement, and using excessive force against her.

No proof of service has been filed and no defendant has entered an appearance.

## ANALYSIS

A district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396-97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present h[er] claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating those factors). "The burden is on the applicant to convince the court that there is sufficient merit to h[er] claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted).

At this stage, the plaintiff's asserted reasons for appointment fall short of carrying that burden. This case, for example is still in its very early stages — the defendants have not yet been served and the Court has not yet held a Status Conference. *See Diaz v. USI Ins. Servs.*, No. 18-CV-03280-NYW, 2019 WL 13444833, at *2 (D. Colo. Mar. 8, 2019). And while the plaintiff asserts that she needs an attorney to assist her with the complexities of the case, this too, does not carry the burden. ECF No. 19. To be sure, "having counsel appointed would . . . assist[] h[er] in presenting h[er] strongest possible case," but "the same could be said in any case." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Indeed, there is no right to counsel in civil cases. *See Jones v. Pizza Hut, Inc.*, No. 10-cv-00442-WYD-KMT, 2010 WL 1268048, at *1 (D. Colo. Mar. 30, 2010) ("Unlike a criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to appointed counsel."); *see also Vasquez v. U.S. Off. of Pers. Mgmt.*, 847 F. Supp. 848, 849 (D. Colo. 1994) ("There is no constitutional right to counsel simply because a litigant is indigent."). And while there is little reason to doubt the general

difficulty of handling a federal lawsuit, the actual subject matter of the plaintiff's complaint is not amongst the most complex that find their way into federal court.

In sum, this case is at an early stage, it is not overly complex from a reading of the complaint, and it is yet unclear how meritorious the plaintiff's claims are. Should the plaintiff's circumstances materially change, the plaintiff may renew her request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to trial").

## CONCLUSION

For the foregoing reasons, the Motion for Appointment of Counsel, ECF No. 19, and the Motion for Preservation of Evidence, ECF No. 20, are **DENIED without prejudice**.

Entered and dated this 19th day of August, 2025, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge