IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00862-CYC

JESSICA L. GONZALEZ,

     Plaintiff,

v.

COLORADO DOUGLAS COUNTY SHERIFF'S OFFICE,
DARREN M. WEEKLY,
TOMMY BURRELLA,
SHERIFF MYERS,
SHERIFF ORTIZ,
SHERIFF FEATHER,
SHERIFF BURETTA,
SHERIFF FITSGERALD,
SHERIFF PIROG,
SHERIFF B. BURRELLA,
SHERIFF MOORE,
CAPTAIN JOHN DOE (1),
CAPTAIN JOHN DOE (2),
CAPTAIN JANE DOE,
SHERIFF JOHN DOE (1),
SHERIFF JOHN DOE (2),
SHERIFF JANE DOE (1),
SHERIFF JANE DOE (2),
SHERIFF BURNS,
AISHA HENERY, Mental Health Employee,
MENTAL HEALTH EMPLOYEE JANE DOE,
MENTAL HEALTH EMPLOYEE JOHN DOE,
NURSE JANE DOE (1),
NURSE JANE DOE (2),
NURSE JANE DOE (3), and
NURSE JANE DOE (4),

     Defendants.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on two motions filed by the plaintiff. The first asks the Court to appoint pro bono counsel to represent her in this case, ECF No. 53, and the second asks for the status of that motion, ECF No. 65. Oral argument will not materially assist in the resolution of this matter and the motions are appropriately considered even without a response from the defendants. *See* D.C.COLO.LCivR 7.1(d).

With regard to the plaintiff's request for the appointment of counsel, to be sure, pro bono counsel would aid the plaintiff, as it would in many pro se cases. Unfortunately, at this point, the plaintiff's request is premature and, as such, for the reasons that follow, the motion, ECF No. 53, is **DENIED without prejudice**.

## BACKGROUND

The plaintiff initiated this action by filing a pro se complaint on March 17, 2025. ECF No. 1. She was denied leave to proceed in forma pauperis, ECF No. 4. The plaintiff was order to amend her complaint, ECF No. 8, and she filed her amended complaint on June 20, 2025, ECF No. 13. In her amended complaint, she asserts that the defendants violated her constitutional rights in a variety of ways, including by sexually assaulting her, denying her medical care, placing her in restrictive confinement, and using excessive force against her. Defendants Douglas County Sheriff's Office and Sheriff Darren Weekly filed a motion to dismiss the claims against them, ECF No. 36. Defendants Myers, Feather, Fitsgerald[1], and Pirog also filed a motion to dismiss, ECF No. 51. After a request from the plaintiff, the Court ordered the United States Marshal to attempt to serve the defendants. ECF Nos. 33 and 34. Unfortunately, the United States Marshal was unable to serve the remaining defendants. *See* ECF Nos. 37–40, 44, 46, and 48. As a result, all defendants who have been served with notice of this suit filed Rule 12

---

[1] This defendant notes that the correct spelling is Fitzgerald. ECF No. 51 at 2 n.1.

motions in response to the amended complaint. *See* ECF Nos. 36 and 51. Those motions are

pending before the Court.

## ANALYSIS

Unlike criminal defendants, civil claimants do not have a Sixth Amendment right to

appointed counsel. *Fischer v. Dunning*, 574 F. App'x 828, 832 (10th Cir. 2014). Moreover, a

district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the

case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing

*Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016)). In deciding whether to request counsel

for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity

of the factual issues, and the [litigant's] ability to investigate the facts and present his claims."

*Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *accord*

D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating factors and adding (1) the demonstrated

inability of the unrepresented party to retain an attorney by other means and (2) the degree to

which the interests of justice, including the benefits to the court, will be served by appointment

of counsel). A further consideration is whether there exist any special circumstances such as

those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff

was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and

memory lapses, and had general difficulty in communications. *Rucks v. Boergermann*, 57 F.3d

978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is

sufficient merit to h[er] claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115.

At this stage, the plaintiff's asserted reasons for appointment fall short of carrying that

burden. For example, while the plaintiff maintains that she is "unable to proceed with the

assertion of [her] claims in this case without the assistance of counsel," ECF No. 53 at 1, to date,

3

the plaintiff has been a competent participant in this litigation. For example, the plaintiff was ordered to amend her complaint and did so successfully, resulting in this case moving forward. Further, the plaintiff's filings thus far have not demonstrated an inability to articulate her arguments to the Court. Indeed, after having difficulty serving the defendants, she asked the Court to order the United States Marshal to serve the defendants pursuant to Fed. R. Civ. P. 4(c)(3), which was granted. In addition, the instant motion includes case law and citations to this District's Local Rules. The plaintiff's filings, then, demonstrate that the plaintiff, so far, can present her case. The plaintiff also argues that the nature of her allegations support appointment of counsel. ECF No. 53 at 2–3. To be sure, "having counsel appointed would . . . assist[] h[er] in presenting h[er] strongest possible case," but "the same could be said in any case," *Rucks*, 57 F.3d at 979, including cases brought by incarcerated individuals who bring any type of claim against defendant who work in the facility at which those individuals are housed. Indeed, there is no right to counsel in civil cases. *See Jones v. Pizza Hut, Inc.*, No. 10-cv-00442-WYD-KMT, 2010 WL 1268048, at *1 (D. Colo. Mar. 30, 2010) ("Unlike a criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to appointed counsel."); *see also Vasquez v. U.S. Off. of Pers. Mgmt.*, 847 F. Supp. 848, 849 (D. Colo. 1994) ("There is no constitutional right to counsel simply because a litigant is indigent."). And while there is little reason to doubt the general difficulty of handling a federal lawsuit, the actual subject matter of the plaintiff's complaint is not amongst the most complex that find their way into federal court. With regard to complexity, it is true that the amended complaint alleges a variety of claims against both the served and unserved defendants. But, given the pending motions to dismiss, it is unclear which, if any, of the plaintiff's claims are meritorious and will proceed to discovery.

In sum, this case is at an early stage, it is not overly complex from a reading of the amended complaint, and it is yet unclear how meritorious the plaintiff's claims are. Should the plaintiff's circumstances materially change, the plaintiff may renew her request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to trial").

## CONCLUSION

For the foregoing reasons, the plaintiff's Prisoner Motion for Appointment of Counsel, ECF No. 53, is **DENIED without prejudice**.

It is further ORDERED that, given that this Order serves to update the plaintiff on her motion requesting appointment of counsel, the plaintiff's Status Report on Prisoner[']s Motion for Appointment of Counsel, ECF No. 65, is **GRANTED** to the extent it asks the Court to provide an update on the status of ECF No. 53.

Entered and dated this 24th day of March, 2026, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge

5