IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00862-CNS-CYC

JESSICA L. GONZALEZ,

     Plaintiff,

v.

COLORADO DOUGLAS COUNTY SHERIFF'S OFFICE,
DARREN M. WEEKLY,
TOMMY BURRELLA,
SHERIFF MYERS,
SHERIFF ORTIZ,
SHERIFF FEATHER,
SHERIFF BURETTA,
SHERIFF FITSGERALD,
SHERIFF PIROG,
SHERIFF B. BURRELLA,
SHERIFF MOORE,
CAPTAIN JOHN DOE (1),
CAPTAIN JOHN DOE (2),
CAPTAIN JANE DOE,
SHERIFF JOHN DOE (1),
SHERIFF JOHN DOE (2),
SHERIFF JANE DOE (1),
SHERIFF JANE DOE (2),
SHERIFF BURNS,
AISHA HENERY, Mental Health Employee,
MENTAL HEALTH EMPLOYEE JANE DOE,
MENTAL HEALTH EMPLOYEE JOHN DOE,
NURSE JANE DOE (1),
NURSE JANE DOE (2),
NURSE JANE DOE (3), and
NURSE JANE DOE (4),

     Defendants.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge**.

Defendants Douglas County Sheriff's Office, Weekly, Myers, Feather, Fitsgerald[1], and Pirog (collectively "Movants") request a stay of discovery, ECF No. 52, pending resolution of the two pending motions to dismiss. ECF Nos. 36 and 51. The plaintiff opposes their request. ECF No. 58. For the reasons that follow, the motion to stay is granted.

**<u>BACKGROUND</u>**

The plaintiff's amended complaint, filed on June 20, 2025, seeks recovery for alleged violations of her Fourth, Fifth, Eighth, and Fourteenth Amendment rights. *See generally* ECF No. 13. In short, she asserts that the defendants violated her constitutional rights in a variety of ways, including by sexually assaulting her, denying her medical care, placing her in restrictive confinement, and using excessive force against her.

Defendants Douglas County Sheriff's Office and Sheriff Darren Weekly filed a motion to dismiss the claims against them, ECF No. 36, in which they argue that the amended complaint is subject to dismissal under Rule 8 and, therefore, seek either dismissal or a more definite statement of the plaintiff's claims under rule 12(e). *Id*. at 5–8. They also argue that the claims against them should be dismissal because they are entitled to qualified immunity and the plaintiff failed to exhaust available administrative remedies. *Id*. at 8–10. In addition, they seek dismissal of the claims against them pursuant to Rule 12(b)(6). *Id*. at 10–14. Defendants Myers, Feather, Fitsgerald, and Pirog also filed a motion to dismiss, ECF No. 51. That motion advances the same arguments made by defendants Douglas County Sheriff's Office and Sheriff Darren Weekly in their motion.

After a request from the plaintiff, the Court ordered the United States Marshal to attempt to serve the defendants. ECF Nos. 33 and 34. Unfortunately, the United States Marshal was

---

[1] This defendant notes that the correct spelling is Fitzgerald. ECF No. 52 at 2 n.1.

unable to serve the remaining defendants. *See* ECF Nos. 37–40, 44, 46, and 48. As a result, all

defendants who have been served with notice of this suit filed motions under Rules 8 and 12 in

response to the amended complaint. *See* ECF Nos. 36 and 51. Those motions are pending before

the Court. The Movants request that discovery be stayed until the Court rules on the pending

motions to dismiss. *See generally* ECF No. 52.

## **DISCUSSION**

The Federal Rules of Civil Procedure do not expressly provide for a stay of discovery.

However, Rule 26(c) permits the Court, upon a showing of good cause, to "protect a party or

person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ.

P. 26(c), and Rule 1 instructs that the rules of procedure "shall be construed and administered to

secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

Moreover, "the power to stay proceedings is incidental to the power inherent in every court to

control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). An order staying

discovery is thus an appropriate exercise of this Court's discretion. *Id.* at 254-55.

Noting that the individual Movants assert a defense of qualified immunity, Movants

suggest that all discovery ought to pause until that issue is resolved. *See* ECF No. 52 at 2–4.

Here, while defendant Douglas County Sheriff's Office does not assert the defense and the many

unserved defendants have not asserted this defense, all served individual defendants do assert

that they are entitled to qualified immunity. As a result, Supreme Court precedent makes clear

that Movants are entitled to a stay. *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust

of the qualified-immunity doctrine is to free officials from the concerns of litigation, including

avoidance of disruptive discovery." (quotation marks omitted)). And an analysis of the standard

factors surrounding a stay of discovery, *see Lucero v. City of Aurora*, No. 23-cv-00851-GPG-SBP, 2023 WL 5957126, at *6 (D. Colo. Sep. 13, 2023), shows that a stay is appropriate here. Those factors are the following five:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006).

First, considering the potential prejudice to the plaintiff of a delay and the plaintiff's interests in proceeding expeditiously, the plaintiff argues that evidence could be lost if discovery is delayed. ECF No. 58 at 1. This argument assumes facts that are not before the Court and the plaintiff provides no evidentiary support for the argument. However, the Court is mindful that the plaintiff has an interest in proceeding expeditiously and a stay could potentially prejudice her; as a result, this factor weighs against a stay.

The Movants argue they are all entitled to a stay because the individuals Movants assert entitlement to qualified immunity. ECF No. 52 at 2–4. To be sure, qualified immunity "give[s] government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such *pretrial* matters as discovery," *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (quotation marks omitted), and "qualified immunity questions should be resolved at the earliest possible stage in litigation." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012) (quotation marks omitted). In addition, "discovery generally should be avoided once qualified immunity is raised," unless the plaintiff demonstrates "how such discovery will raise a genuine fact issue as to the defendants' qualified immunity claim." *Martin v. Cnty. of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015) (quotation marks omitted). Here, the plaintiff has made no such demonstration. *See*

*Raven v. Williams*, No. 19-cv-01727-WJM-SKC, 2019 WL 4954640, at *2 (D. Colo. Oct. 8, 2019) (finding the second factor weighed in favor of a stay because the plaintiff did not address how discovery would pertain to the defendants' qualified immunity defense). Accordingly, the second factor supports the imposition of a stay.

In addition, a stay would serve the Court and the public interest by avoiding the unnecessary expenditure of the Court's time and resources while two motions are pending that could resolve this matter in its entirety. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[N]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (quoting *Dem. Rep. Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007)). Accordingly, the third and fifth factors weigh in favor of a stay.

Finally, regarding the interests of third parties, as there are no non-parties with significant, particularized interests in this case, this factor is neutral.

A balance of these factors favors a stay. *See Estate of Burnett v. City of Colo. Springs*, No. 21-cv-01708-WJM-KMT, 2022 WL 218630, at *4 (D. Colo. Jan. 25, 2022) (granting stay of discovery). Therefore, good cause exists to impose a stay of discovery in this case until the Court rules on the pending motion to dismiss.

## **CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that the Defendants' Motion to Stay Discovery Pending Immunity Determination, ECF No. 52, is **GRANTED**.

It is further ORDERED that discovery is **STAYED** pending further order of the Court.

It is further ORDERED that the Movants shall file a motion asking the Court to set a

5

Scheduling Conference within **seven days** of the Court's ruling on the pending motions to dismiss, if any portion of the plaintiff's claims against Movants survive the motions to dismiss.

Entered and dated this 8th day of April, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

6