IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00862-CNS-CYC

JESSICA L. GONZALEZ,

Plaintiff,

v.

COLORADO DOUGLAS COUNTY SHERIFF'S OFFICE,
DARREN M. WEEKLY,
TOMMY BURRELLA,
SHERIFF MYERS,
SHERIFF ORTIZ,
SHERIFF FEATHER,
SHERIFF BURETTA,
SHERIFF FITSGERALD,
SHERIFF PIROG,
SHERIFF B. BURRELLA,
SHERIFF MOORE,
CAPTAIN JOHN DOE (1),
CAPTAIN JOHN DOE (2),
CAPTAIN JANE DOE,
SHERIFF JOHN DOE (1),
SHERIFF JOHN DOE (2),
SHERIFF JANE DOE (1),
SHERIFF JANE DOE (2),
SHERIFF BURNS,
AISHA HENERY, Mental Health Employee,
MENTAL HEALTH EMPLOYEE JANE DOE,
MENTAL HEALTH EMPLOYEE JOHN DOE,
NURSE JANE DOE (1),
NURSE JANE DOE (2),
NURSE JANE DOE (3), and
NURSE JANE DOE (4),

Defendants.

---

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Cyrus Y. Chung, United States Magistrate Judge**.

In her amended complaint, pro se plaintiff Jessica Gonzalez alleges that while she was an inmate, the defendants subjected her to sexual and physical assaults, denial of medical care, and other forms of mistreatment, violating her constitutional rights. ECF No. 13. Because they fail to state a claim under Federal Rules of Civil Procedure 8 and/or 12(b)(6), all but three of her claims should be **dismissed** without prejudice. Additionally, because the complaint fails to allege municipal liability, all claims against defendant Douglas County Sheriff's Office ("DCSO") should be **dismissed** without prejudice. Finally, because the complaint states facially sufficient claims for three distinct, alleged assaults in March, June, and July of 2023, the motions to dismiss, ECF Nos. 36, 51, should be **denied** with respect to those claims.

## BACKGROUND

The plaintiff initiated this action on March 17, 2025, asserting three claims relating to incidents during her stint at the Douglas County Jail between October 1, 2022 and March 20, 2024. ECF No. 1 at 3. Because the complaint failed to organize or differentiate these allegations meaningfully, the reviewing magistrate judge determined that the plaintiff "fail[ed] to provide a short and plain statement of each claim," as required under Fed. R. Civ. P. 8, and directed her to file an amended complaint. ECF No. 8 at 4, 8.

The plaintiff did so. ECF No. 13. The amended complaint spans thirty-five pages and asserts four claims against twenty-six defendants: DCSO, twelve named prison officials, and thirteen John and Jane Doe prison officials, all in their individual capacities. *Id.* The plaintiff alleges that the defendants violated her rights under the Fifth Amendment, *id.* at 13, the Eighth Amendment, *id.* at 15–21, the Fourteenth Amendment, *id.* at 22–27, and the Fourth Amendment, *id.* at 28–29. Liberally construed, as required for a pro se plaintiff, *see Hall v. Bellmon*, 935 F.2d 1106, 1119 (10th Cir. 1991), the plaintiff's Eighth Amendment claim has eighteen subclaims, her

Fourteenth Amendment claim is comprised of ten more, and her Fourth Amendment claim adds two subclaims, although many subclaims overlap such that the same alleged incidents and mistreatment are repeated under different legal theories. *See* ECF No. 72 at 2.

Of the named defendants, the plaintiff successfully served DCSO, Sheriff Weekley, and Deputy Sheriffs Myers, Feather, Fitzgerald, and Pirog.[1] ECF Nos. 32, 41, 42, 43, 47, 49. DCSO and Sheriff Weekley filed a motion to dismiss, ECF No. 36, and the deputies filed another, ECF No. 51. The district judge referred them to the undersigned. ECF No. 56. The plaintiff filed a combined response, ECF No. 72, and the defendants filed a combined reply, ECF No. 74.

## ANALYSIS

The sufficiency analysis for the plaintiff's amended complaint is governed by Federal Rules of Civil Procedure 8 and 12(b)(6).

First, "[u]nder Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Rule 8(d)(1) "reinforce[s]" Rule 8(a)(2), providing that "[e]ach allegation must be simple, concise, and direct." *Swietlicki v. Burtlow*, No. 22-cv-02334-LTB-GPG, 2023 WL 11955948, at *4 (D. Colo. Mar. 13, 2023). To comply with Rule 8, "a plaintiff must allege, in a clear, concise, and organized manner, what each named defendant did to him, when the defendant did it, how the defendant's action harmed him, what specific legal right he believes the defendants violated, and what specific relief he requests." *Id.* (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)). These are "the elements that enable the legal system to get weaving—permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Nasious*, 492 F.3d

[1] Defendants note that Deputy Fitzgerald's name is misspelled in the caption. ECF No. 51 at n. 1.

at 1163; *see Seals v. Bureau of Prisons*, No. 23-cv-00620-LTB-KLM, 2023 WL 11955842, at *2 (D. Colo. Apr. 24, 2023).

Second, Fed. R. Civ. P. 12(b)(6) allows a party to move to dismiss a claim for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 566 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). Legal conclusions are not entitled to the assumption of truth, *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## I. The Fifth Amendment Claim (Claim One)

Claim One alleges, in sum, that various defendants placed the plaintiff in a "seclusion pod," or the "hole," without a "write up or any rule violation," and kept her there for eight months by writing false reports about her mental health, violating her right to due process under the Fifth Amendment. ECF No. 13 at 13.

As an initial matter, because the plaintiff was in state custody, her due process claim properly arises under the Fourteenth Amendment, not the Fifth Amendment. *See Koessel v. Sublette Cnty. Sheriff's Dep't*, 717 F.3d 736, 748 n. 2 (10th Cir. 2013). The defendants urge dismissal on this ground. *See* ECF No. 36 at 10–11. But a court must hold a pro se plaintiff's

pleadings to a less stringent standard than those drafted by lawyers and, as such, the plaintiff's "confusion" of "legal theories" is not fatal to her claim. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The Court therefore analyzes it as though brought under the correct constitutional authority.

The amended complaint never states whether the plaintiff was a pretrial detainee or a convicted prisoner, but because a pretrial report attached to the defendants' motion, ECF No. 36-1, of which the Court may take judicial notice, *see Pace v. Swerdlow*, 519 F.3d 1067, 1072–73 (10th Cir. 2008), indicates that she was a pretrial detainee, and because that status does not affect the disposition of her claims, the Court applies the standards for pretrial detainees.

Pretrial detainees "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Accordingly, when a plaintiff challenges a condition of pretrial custody, such as solitary confinement, "a court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019) (quoting *Bell*, 441 U.S. at 538). "Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination will generally turn on whether an alternative purpose to which the restriction may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned to it." *Id.*

Here, determining whether the plaintiff has stated a plausible due process claim for her placement in the "seclusion pod" is unnecessary because the claim fails under Rule 8. Put simply, it fails to apprise the defendants sufficiently of when this conduct happened. *Nasious*, 492 F.3d at 1163. The original complaint indicated that the plaintiff's relevant incarceration was from October 21, 2022 to March 20, 2024, ECF No. 1 at 3, but contrary to the plaintiff's

response in opposition, ECF No. 72 at 2, the amended complaint provides no such timeframe. *See* ECF No. 13. Even inferring this general timeframe based on an October 2022 arrest date in the report attached to DCSO's motion, ECF No. 36-1, this claim is still insufficiently specific.

That is so because even liberally construed, the amended complaint provides nothing definitive regarding timing. The defendants may have a viable statute-of-limitations defense if the events occurred more than two years prior to this case. *See Jenkins v. Chance*, 762 F. App'x 450, 454 (10th Cir. 2019). But the lack of timing allegations prevents them from evaluating the defense, let alone asserting it. In addition, the claim lacks specific allegations regarding the twelve defendants it names. Apart from alleging that Deputy Burns and Deputy Jane Doe 1 "made [her] lock down," and that Burns taunted her, the remaining conduct is alleged against the mental health staff and other defendants as a whole without differentiation. ECF No. 13 at 13. This will not do. In lawsuits involving multiple defendants, "[i]t is particularly important that plaintiffs make clear exactly *who* is alleged to have done *what* to *whom*, . . . as distinguished from collective allegations." *Kan. Penn*, 656 F.3d at 1215 (quoting *Robbins*, 519 F.3d at 1250). "Neither the Court nor the defendants are required to guess in order to determine what claims are being asserted and what specific factual allegations support those claims." *Day v. Parts Geek, LLC*, No. 23-cv-00647-LTB-KLM, 2023 WL 11862268, at *3 (D. Colo. July 28, 2023).

It is no answer to say, as the plaintiff does, that the time period and the defendant's specific conduct can be established in discovery. ECF No. 72 at 3. It is her initial burden under Rule 8 to provide enough information in a "clear, concise, and organized manner" to permit an appropriate response, *Swietlecki*, 2023 WL 11955948, at *4, and this claim fails to do so.

## II. The Eighth Amendment Claim (Claim Two)

The plaintiff's Eighth Amendment claim is comprised of 18 subclaims, detailed below. Because the plaintiff was a pretrial detainee, her conditions-of-confinement claims pertaining to

excessive use of force and deliberate indifference properly arise under the Fourteenth Amendment. *See Colbruno*, 928 F.3d at 1162; *see also Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020). Some of her subclaims under this heading, liberally construed, are retaliation claims arising under the First Amendment. *See, e.g., Straker v. Stancil*, No. 20-cv-03478-WJM-STV, 2022 WL 1193451, at *5 (D. Colo. Feb. 10, 2022).

**A. Sexual assault on an unspecified occasion**

The plaintiff's first subclaim alleges that she was sexually assaulted while she was taking a shower in the "isolation pod" by a "full riot team" led by Deputy Pirog. ECF No. 13 at 13–14. Although sexual assault unquestionably constitutes excessive use of force, *see Brown v. Flowers*, 974 F.3d 1178, 1884 (10th Cir. 2020), and the plaintiff makes specific allegations against at least some of the defendants, she nonetheless fails to satisfy Rule 8 because there is no indication of when this incident occurred. *Nasious*, 492 F.3d at 1163.

**B. Confinement in her cell for five days, denial of dinner, and ignoring of emergency calls**

This subclaim, ECF No. 13 at 16, similarly fails under Rule 8. There is no indication as to when these events occurred except that they followed the sexual assault. Her allegation that her "emergency calls were ignored," *id.*, is also too "vague and conclusory" to state a claim. *Swietlicki*, 2023 WL 11955948, at *4. Furthermore, missing one meal does not state a constitutional violation. *See McGee v. Collett*, No. 20-3059-SAC, 2020 WL 4569155, at *2 (D. Kan. Aug. 7, 2020) (collecting cases).

**C. Threats for reporting sexual assault**

At an unspecified time, the plaintiff called an outside hotline to report the sexual assault, and "immediately after," two John Doe Captains yelled at her for making the report and threatened that "things would get worse" if she did so again. ECF No. 13 at 16.

This subclaim is insufficiently specific as to timing under Rule 8, and furthermore, fails to state a retaliation claim. A plaintiff claiming retaliation against a government actor must show: (1) she engaged in constitutionally protected activity; (2) the defendant's responsive actions "would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) the defendant's actions were "substantially motivated" by the plaintiff's constitutionally protected activity. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). "While mere threats may support a retaliation claim in certain circumstances, it is difficult to make the required showing where the only adverse 'action,'" as in this case, "is a threat." *Powell v. Laurie*, No. 16-3251-SAC-DJW, 2017 WL 3458797, at *5 (D. Kan. Aug. 11, 2017); *see also Walker v. Spence*, 07-cv-01848-PAB-KMT, 2009 WL 3074612, at *9 (D. Colo. Sept. 18, 2009) ("verbal harassment, threats, or taunts do not rise to the level of retaliation" (citation omitted)). Likewise, yelling, "although unprofessional and unpleasant," is insufficient to demonstrate retaliation. *Brewer v. Davis Cnty.*, No. 15-cv-40 TC, 2020 WL 2840345, at *7 (D. Utah June 1, 2020) (quoting *Requena v. Roberts*, 893 F.3d 1195, 1211–12 (10th Cir. 2018)).

**D. John Doe Threat**

The allegation that, at an unspecified time, Sheriff John Doe 1 came to the plaintiff's cell and stated "I hope our boys don't kill you," ECF No. 13 at 16, fails to state a claim under Rule 8 because there is no indication of when it occurred. Moreover, to the extent this statement constitutes a threat, it does not state a constitutional violation, and should also be dismissed under Rule 12(b)(6). *See, e.g., Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (officer's statement that he would "burn this guy" did not create "terror of instant and unexpected death" necessary to state a claim for relief).

**E. Six unanswered grievances**

The plaintiff claims she wrote "at least six grievances" that "went unanswered," ECF No. 13 at 16, but this subclaim lacks "the who, what, when, where, how and why" necessary to support a legal claim under Rule 8. *Glynn v. Hyundai Motor Am.*, No. 23-cv-00379-CNS-KLM, 2023 WL 11804221, at *3 (D. Colo. May 25, 2023).

**F. Physical and sexual assault on or about March 9, 2023**

In back-to-back paragraphs, the plaintiff alleges that she suffered a two-phase assault on or about March 9, 2023. ECF No. 13 at 17–18. This subclaim satisfies Rule 8 and Rule 12.

In the initial phase of the assault, she was rushed in her cell for no reason and with no warning by a riot team consisting of defendants Pirog, Buretta, Burella, Ortiz, Meyers, Burns, Moore, Fitzgerald, and several John and Jane Does; Ortiz threw punches at her face and head; Burella groped her breast; Buretta pulled her to the floor by her hair; Sheriff John Doe 2 knelt on her neck while the other officers "dogpiled" on top of her; she was shackled, cuffed, and a mask placed over her head; she was carried by her restraints to another cell; and she was pushed against the wall while Myers pressed his erect penis against her arm and "called [her] pretty." ECF No. 13 at 17. Ortiz, Captain Jane Doe, and Nurse Jane Doe 1 ignored her pleas for medical attention for her twisted ankle, which was twice its normal size, and a bruise on her breast. *Id.*

In the second phase, the same riot team rushed her in the new cell as she was sleeping on the bed and slammed her onto the ground and pinned her limbs; Burella knelt on the ground with her "head between his legs," strangled her, and pushed on her spine with "extreme force"; she was shackled and handcuffed so hard that her "hands and feet turned purple"; and she was returned to her cell where the officers again knelt on her and pushed her face into the ground. *Id.* While not a model of clarity, and despite some "poor syntax and sentence construction," *Garrett*,

425 F.3d at 840, this subclaim sufficiently states "the who, what, when, where, how and why" of the challenged conduct, passing muster under Rule 8. *Glynn*, 2023 WL 11804221, at *4.

This subclaim states a claim for excessive use of force that cannot be defeated at this stage by qualified immunity, an affirmative defense that requires the plaintiff to plead: (1) facts sufficient to show that the defendants plausibly violated her constitutional rights; and (2) that the right was clearly established at the time of the challenged conduct. *See Hale v. Duvall*, 268 F. Supp. 3d 1161, 1164 (D. Colo. 2017). Here, the plaintiff easily satisfies the first prong as it is plausible that "that the force purposefully or knowingly used against [her] was objectively unreasonable." *Kemmerly v. Hill*, 814 F. App'x 378, 384 (10th Cir. 2020) (quotation marks omitted). And the Tenth Circuit has long held that unprovoked physical assaults on inmates violate the Constitution, satisfying the second prong. *See Mitchell v. Maynard*, 80 F.3d 1433, 1440 (10th Cir. 1996). Moreover, the allegations of sexual abuse are, by themselves, sufficient to overcome qualified immunity. *Brown*, 974 F.3d at 1183–84.

On the other hand, the subclaim does not sufficiently plead a deliberate indifference claim for the denial of medical care. To state a claim for deliberate indifference as a pretrial detainee, the plaintiff must show a harm that "rises to the level sufficiently serious to be cognizable under the Cruel and Unusual Punishment Clause of the Eighth Amendment," and that "the defendants knew [she] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1028 (10th Cir. 2020). Assuming without deciding that the plaintiff's injuries were "sufficiently serious" under the objective prong, the amended complaint does not contain allegations that satisfy the subjective prong. An official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and "he must also

draw the inference." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). At most, the amended complaint alleges that the plaintiff "told" Ortiz, Captain Jane Doe, and Nurse Jane Doe about her bruised breast and twisted ankle. ECF No. 13 at 17. That is not enough to show that the defendants were actually aware of facts establishing "a substantial risk of serious harm" absent medical attention. *Cf. Mohamed v. Jones*, No. 20-cv-02516-RBJ-NYW, 2022 WL 523440, at *23–25 (D. Colo. Feb. 22, 2022) (finding that plaintiff with fractured ankle satisfied subjective prong of deliberate indifference standard where defendants saw him hobbling, he complained of "excruciating pain," and he told them he could not walk, sleep, or pray due to the pain, but they refused his requests for an "x-ray, pain medication, ice, and to see a doctor or [PA]").

The defendants' argument that the whole amended complaint, and therefore, this subclaim, should be dismissed on exhaustion grounds is misplaced. ECF No. 36 at 9–10; ECF No. 51 at 9–10. "Because inmates do not have an affirmative duty to plead exhaustion, a motion to dismiss for failure to exhaust is only granted in 'rare cases' where 'it is clear from the face of the complaint that the prisoner has not exhausted his administrative remedies." *Garcia v. Adams Cnty.*, No. 22-cv-02896-GPG-KAS, 2024 WL 6475461, at *12 (D. Colo. Feb. 29, 2024) (quoting *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1233, 1225 (10th Cir. 2007)). This is not one of those cases. The amended complaint contains statements that the plaintiff made reports and filed grievances regarding her mistreatment but nothing was done about it. *See* ECF No. 13 at 16, 19. That is enough at this stage. *Cf. Darris v. McCall*, No. 12-cv-02685-REB-CBS, 2013 WL3381273, at *4 (D. Colo. July 8, 2013) (dismissing where the timing of the complaint and the plaintiff's attached grievance demonstrated facial nonexhaustion).

**G. Shoving and sexual harassment**

The allegation that Deputy Myers shoved the plaintiff "hard" against the wall and told her that he "knew [she] wanted him," does not state a claim under Rule 8 because it does not indicate

when this incident occurred. ECF No. 13 at 18. It is unclear whether this subclaim is tethered to the March 9, 2023 incident or was separate. It also should be dismissed under Rule 12(b)(6) because, without more, a single shove accompanied by this single comment does not state a constitutional violation. *See Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) ("An inmate who complains of a push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim.").

**H. Sexual harassment by Deputy Burella**

The allegation that Burella made various sexual remarks and gestures does not provide even a general time period, and therefore should be dismissed under Rule 8. ECF No. 13 at 18. Additionally, verbal sexual harassment of the type described here unaccompanied by action does not state a claim for relief. *Barney v. Pulsipher*, 143 F.3d 1299, 1310 n. 10 (10th Cir. 1998).

**I. Humiliation by Deputy Ortiz**

The amended complaint states that Ortiz would "humiliat[e]" the plaintiff, including by telling her that he would not let her out of her cell unless she exposed her breasts, watching her while she was on the toilet, talking to her in a baby voice, and "allow[ing]" her "to go hours without toilet paper." ECF No. 13 at 18. Once again, the lack of any timeframe for this subclaim is fatal under Rule 8. At the same time, as written, the allegations comprising this subclaim are "vague" and "confusing," and "thus do not comply with Rule 8" for this reason. *Ricks v. Polis*, No. 24-cv-02565-LTB-RTG, 2025 WL 4660303, at *2 (D. Colo. Jan. 28, 2025).

**J. Physical assault in June 2023**

The amended complaint pleads another incident of physical abuse in June 2023 that survives under Rules 8 and 12(b)(6). ECF No. 13 at 19. The plaintiff was approached in the dayroom by Deputies Pirog, Ortiz, Moore, and John Doe. *Id.* In sum, they pushed her up against the wall, said "let's lift up her shirt," then carried her to her cell. *Id.* In the cell, Pirog and the

John Doe "knelt on [her] back and smashed [her] face to the floor for about five minutes." *Id.* She "needed [her] inhaler afterward and was denied medical attention." *Id.*

This subclaim is sufficiently "short and plain" under Rule 8, and includes the necessary who, what, where, when, why, and how—especially with respect to Pirog's conduct. *Glynn*, 2023 WL 11804221, at *3. It also states a claim for excessive use of force that cannot be defeated by qualified immunity at this stage. *See Est. of Booker v. Gomez*, 745 F.3d 405, 424 (10th Cir. 2014) (teaching that it is "clearly established that putting substantial or significant pressure on a suspect's back while that suspect is in a face-down prone position after being subdued and/or incapacitated constitutes excessive force."); *Eisenbarth v. Wise,* No. 08-cv-0010-B, 2009 WL 10698643, at *4 (D. Wyo. Jan. 20, 2009) (denying qualified immunity to officers that smashed plaintiff's head into ground during takedown).

This subclaim, however, does not state a claim for deliberate indifference. It does not specify who denied her medical care and how—as required by Rule 8—nor does it state a claim under Rule 12(b)(6). While "asthma can be, and frequently is, a serious medical condition, depending on the severity of the attack," *Board v. Farnham*, 394 F.3d 469, 484 (7th Cir. 2005), here, the amended complaint does not contain any allegations that demonstrate the plaintiff's asthma "r[o]se to the level required to state a violation of the constitution." *Pittman v. Bryant*, No. 23-cv-03030-DDD-KAS, 2025 WL 2410514, *2 (D. Colo. Mar. 14, 2025) (dismissing deliberate indifference claim where plaintiff's asthma-attack symptoms were a running nose, wheezing, and coughing up mucus).

**K. Ignoring emergency calls**

The subclaim that "[t]he emergency button in [the plaintiff's] cell was constantly ignored," causing her "to suffer two asthma attacks with no medical care," ECF No. 13 at 19, is "vague and conclusory and lacks specific facts establishing" which defendant did what to her and

when. *Hale El v. Adams Cnty. Fire Rescue*, No. 23-cv-01039-LTB-KLM, 2023 WL 5702818, at *3 (D. Colo. June 29, 2023). It is unclear, for instance, whether this deliberate indifference subclaim relates to the June 2023 incident or is distinct. This subclaim should be dismissed under Rule 8. Nor does it state a claim under Rule 12(b)(6). *See Bryant*, 2025 WL 2410514, at *2.

**L. Sexual harassment during a remote court appearance**

The plaintiff's subclaim that a John Doe Captain blew kisses at her, winked, and pointed at his penis and laughed while she was remotely attending a court appearance from her cell, ECF No. 13 at 19, fails to satisfy Rule 8 because it provides no timing for the incident. It also should be dismissed under Rule 12(b)(6) because verbal sexual harassment unaccompanied by action does not state a claim for relief. *Barney*, 143 F.3d at 1310 n. 10.

**M. Unaddressed written grievances and oral reports**

This subclaim—that "nothing was done" in response to the plaintiff's six written grievances and verbal complaints to four captains "about what was happening to [the plaintiff] in seclusion pod," ECF No. 13 at 19—is "vague and conclusory and lack[s] specific facts establishing the personal participation" of any defendant. *Hale El*, 2023 WL 5702818, at *3. As such, it does not satisfy Rule 8's pleading requirements.

**N. Being moved from "the hole" to "the special management pod"**

The amended complaint states that the plaintiff was moved from "the hole" to "the special management pod" for "no reason" and kept there eight months, which was "traumatic and cruel and unusual." ECF No. 13 at 19. It is unclear how "the special management pod" is different from the "hole," and thus whether this subclaim is the same or distinct from the plaintiff's Fifth Amendment claim. *See id.* at 13. In all events, it fails to provide enough information for the defendants to prepare a response or for the Court to determine whether the plaintiff is entitled to relief, and should be dismissed under Rule 8.

**O. Physical assault in July 2023**

The plaintiff's subclaim for a physical assault in July 2023, *id.* at 20, should survive the motions to dismiss. A riot team consisting of Deputies Pirog, Fitzgerald, Buretta, Burns, Myers, Moore, Ortiz, Burella, and several John Does rushed the plaintiff in her cell without warning to transport her to court, while she stood on the bed for self-protection. *Id.* Ortiz punched her in the face three times; Burns pulled her hair; Pirog, Myers, and Ortiz pushed her against the wall with their riot shields so hard that she lost consciousness. *Id.* When she awoke, Myers "body slammed" her on the ground of the cell; Burns knelt on her neck while Burella punched her legs; she was injected with an unknown sedative; she was picked up and dragged down the stairs with her body hitting the ground; and finally, Pirog and Myers placed her in a "restraint chair at the bottom of the stairs" while taunting her. *Id.*

This subclaim, describing an incident grounded in a particular month, and alleging specific conduct against most of the individual defendants, satisfies Rule 8. It also states a sufficient claim at this stage for excessive use of force. Even if, as they contend, the defendants had an order to forcibly take the plaintiff to court, ECF No. 36 at 12; ECF No. 51 at 12, the amended complaint alleges a use-of-force that is objectively "excessive in relation to that purpose." *Wise v. Caffey*, 72 F.4th 1199, 1206 (10th Cir. 2023) (quoting *Colbruno*, 928 F.4th at 1163)). A court's force order does not justify an excessive physical assault any more than does probable cause to arrest. *See, e.g., Epps v. Christian*, 173 F.4th 1236, 1243 (10th Cir. 2026) (shooting a jaywalking protestor with a pepper ball was objectively unreasonable). Here, it is plausibly pled that the defendants violated the plaintiff's constitutional rights, and under the "extreme circumstances" alleged—punching, hair-pulling, pressing against the wall until the point of unconsciousness, body-slamming, and kneeling on the plaintiff's neck— "reasonable government officials" would have "fair warning" that their conduct was unlawful from "general

constitutional principles established in caselaw," precluding qualified immunity. *Frasier v. Evans*, 992 F.3d 1003, 1015 (10th Cir. 2021) (quotation marks omitted); *Rosa v. McAllister*, No. 23-cv-00983-GPG-KAS, 2024 WL 3859945, at *5–6 (D. Colo. Aug. 19, 2024).

**P. Sack lunches for three to four weeks**

The subclaim that the plaintiff was fed nothing but peanut butter and jelly sack lunches for three to four weeks provides no timing other than it was sometime after she attempted to report the sexual assault in the shower. ECF No. 13 at 21. It therefore does not meet the requirements of Rule 8. Furthermore, this subclaim fails to state a cognizable conditions-of-confinement claim. *See, e.g., Hammock v. Watts*, 146 F.4th 349, 363 n.3 (4th Cir. 2025) (claim that pretrial detainee was served "cold meals every meal" fails as a matter of law); *Hardy v. Adams Cnty.*, 22-cv-03197-MDB, 2024 WL 4804779, at *5 (D. Colo. Feb. 28, 2024) (extended provision of cold, sack lunches did not constitute punishment). And the plaintiff's allegation that the sack lunches were retaliatory is entirely conclusory and thus does not support a First Amendment claim. *See Gee v. Pacheco*, 627 F.3d 1178, 1191–92 (10th Cir. 2010).

**Q. Taunting and harassment by Deputy Ortiz**

The amended complaint states that Ortiz "would often scream" the plaintiff's name and "smack" her door "as a form of taunting and harassment." ECF No. 13 at 21. This subclaim is insufficiently specific under Rule 8 due to the lack of timing and also falls well short of stating a constitutional violation. *See Requena*, 893 F.3d at 1211.

**R. Restraints during out-of-cell time**

The plaintiff's final subclaim under this section concerns the defendants handcuffing her, shackling her legs, and chaining her around the waist when she was let out of her cell for an hour although she presented no security risk. ECF No. 13 at 21. Once again, the amended complaint

provides no timeframe for this conduct, including how often it occurred, or explain what the individual defendants did and, thus, it should be dismissed under Rule 8.

## III. The Fourteenth Amendment Claim (Claim Three)

The amended complaint contains ten subclaims under the Fourteenth Amendment, detailed below, although the majority appear to restate the allegations raised in the previous section under the Eighth Amendment. Except for the subclaims that arise from two sufficiently pleaded assaults described above, this claim should be dismissed.

### A. Solitary confinement for eight months

This subclaim, alleging a procedural due process violation, largely repeats the plaintiff's Fifth Amendment claim (Claim One), above, and suffers from the same pleading deficiencies. ECF No. 13 at 23. It does not provide any timing for the incident and does contain specific allegations against any of the individual defendants. As this subclaim does not meet the pleading requirements of Rule 8, it should be dismissed.

### B. Unanswered grievances

This subclaim, *id.*, is functionally identical to subclaim five ("E" above) raised under the Eighth Amendment, *id.* at 16, and it fares no better. Again, the plaintiff alleges that DCSO and five individual defendants violated her rights by failing to "acknowledge[ ] or address[ ]" her six or seven written grievances for various injuries described in the amended complaint, *id.* at 23, without explaining when these grievances were filed, what any particular defendant did, or "what specific legal right the plaintiff believes the defendant[s] violated." *Nasious*, 492 F.3d at 1163. As it is not the role of the Court to "supply additional factual allegations to round out the plaintiff's complaint or construct a legal theory on [her] behalf," this subclaim should be dismissed under Rule 8. *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

**C. Sexual and physical assault in the shower**

This subclaim, ECF No. 13 at 23–24, expressly restates the sexual assault allegations described in subclaim one ("A") of the plaintiff's Eighth Amendment claim, *id.* at 13–14, framing it as an equal protection violation. But, as discussed above, without any indication of when this assault happened, the subclaim does not satisfy the requirements of Rule 8, because it does not place the defendants on "fair notice" for preparing a response. *Seals*, 2023 WL 11955842, at *2.

**D. Removal and destruction of journal**

This subclaim asserts that, at an unknown time, defendants Ortiz, Pirog, Burella, Buretta, Burns, Myers, and Sheriff Jane Doe "raided" her cell while she was in the shower, and removed her "legal journal" where she was recording the "dates, times, and locations" of each incident of mistreatment and the names of the responsible officials. ECF No. 13 at 24. When she asked about her journal, an unidentified individual told her "he was sure it was thrown out." *Id.*

Initially, this subclaim fails under Rule 8 for the same reason as so many of the others: no indication of timing. The subclaim is also "vague" and "conclusory," *Ballard v. Dep't of Hum. Servs.*, No. 24-cv-02924-LTB-STV, 2025 WL 289702, at *4 (D. Colo. Jan. 15, 2025), failing to explain how the plaintiff knows, rather than assumes, that these defendants raided her cell and took her notebook.

Further, although the plaintiff characterizes this subclaim as alleging violations of equal protection, "basic privacy," and "a prisoner's right to be secure in their legal paperwork," she does not state a claim for relief. ECF No. 13 at 24. First, the plaintiff does not allege that she was treated differently from other similarly-situated inmates as required to state an equal protection claim. *Requena*, 893 F.3d at 1210. Second, inmates do not have a constitutional right to privacy in their cells or their personal effects. *See Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *Ludwig*

*v. Bond*, 21-cv-02803-LTB-GPG, 2022 WL 22609583, at *11 (D. Colo. Jan. 25, 2022) (applying *Hudson* to a pretrial detainee). Third, although an unauthorized deprivation of property can support a due process claim, the plaintiff has not alleged that she lacks an adequate post-deprivation remedy. *See Requena*, 893 F.3d at 1213 (denying due process claim for the loss or destruction of his legal brief because he did not show that the grievance process was "unresponsive and inadequate"); *see also Ludwig*, 2022 WL 22609583, at *8 (tort claims under Colorado law constitute adequate remedies). Finally, to the extent that this subclaim sounds in denial of access to the courts or retaliation, the plaintiff's allegation that an unidentified person told her that they were "sure" her notebook "was thrown out when the Sheriffs noticed their names on it," ECF No. 13 at 24, is insufficient to state either claim. This ambiguous allegation does not plausibly establish intentional conduct, as required for an access-to-the-courts claim, *see Simkins v. Bruce,* 406 F.3d 1239, 1240 (10th Cir. 2005), nor conduct substantially motivated by protected constitutional activity, as required for a retaliation claim, *Shero*, 510 F.3d at 1203. Accordingly, the allegation does not "nudge" either claim "across the line from conceivable to plausible." *Robbins*, 519 F.3d at 1252 (quotation marks omitted).

**E. Receiving only sack meals for a month and missing one meal**

These allegations, ECF No. 13 at 24, correspond to Eighth Amendment subclaims two and sixteen ("B" and "P," respectively), *id.* at 16, 21, and fail for the same reasons. They provide no indication of timing as required under Rule 8 and, in all events, do not state constitutional violations. *See Hardy*, 2024 WL 4804779, at *5; *McGee*, 2020 WL 4569155, at *2.

**F. Physical and sexual assault by a riot team**

This subclaim, ECF No. 13 at 25, appears to map onto the two-phase assault in March 2023 described in subclaim six ("F") of the Eighth Amendment claim, *id.* at 17–18. The plaintiff describes largely the same conduct (i.e., Ortiz punched her in the face, she was "dogpiled," an

officer strangled her and pressed on her spine), in the same context (she was being moved from one cell to another during a construction project), in the same sequence (she was assaulted, went to sleep, and then was assaulted again), and suffered the same injuries (a sprained ankle and "four-finger sized" bruise on her breast). *Id.* at 25. For the reasons already stated, this subclaim sufficiently alleges a claim for excessive use of force under the Fourteenth Amendment.

**G. Physical assault during a court transport**

This subclaim, *id.* at 25–26, appears to map onto the assault described in subclaim 15 ("O") of the Eighth Amendment claim, *id.* at 20, which occurred while the plaintiff was being transported to court. Although some details are different—for instance, this subclaim locates the assault in June rather than July 2023—the broad outlines of the plaintiff being pressed against the wall by the riot team's shields, thrown onto the ground, knelt on by the defendants, and violently dragged down the stairs before being strapped into the restraint chair—are similar enough to conclude that it refers to the same incident. For the reasons already stated, this subclaim sufficiently alleges a claim for excessive use of force under the Fourteenth Amendment.

**H. Physical and sexual assault while watching television**

This subclaim is insufficiently specific as to timing to state a claim under Rule 8. *Nasious*, 492 F.3d at 1163. On an unspecified occasion, the plaintiff was attacked by a riot team while watching television, pressed up against the wall, groped, returned to her cell where she was again pressed against the wall, and thrown to the floor by Pirog and Sheriff John Doe 1, who then "straddled" her and "stood on [her] back for about four minutes." ECF No. 13 at 26. This subclaim may or may not refer to the same assault described in subclaim ten ("J") of the Eighth Amendment claim, *id.* at 19, but the allegations have enough significant differences—which defendants were on the riot team, the charge of sexual abuse, whether Pirog and John Doe were

kneeling or standing on her back—that it is not possible to say with certainty. Because the Court will not guess, this subclaim should be dismissed. *See Day*, 2023 WL 11862268, at *3.

### I. Inability to leave the special housing unit

For this subclaim, the plaintiff states several defendants on the jail's mental health team told her that she could not leave her special housing unit "unless she would provide phone numbers of her family and friends" for them to contact, violating her right to procedural due process. ECF No. 13 at 27. This subclaim is "too limited, vague, and ambiguous" for defendants "to frame a response." *Ewing v. Andy Frain Sec. Co.*, No. 11-cv-02446-JAR-DJW, 2012 WL 162379, at *1 (D. Kan. Jan. 19, 2012). In addition to lacking any timeframe, the amended complaint does not clarify whether defendants actually refused to release the plaintiff from special housing because she would not provide the requested contact information or merely told her that such information was a condition of her release.

### J. Denial of medical attention

This subclaim broadly claims that four Jane Doe nurses denied the plaintiff her "right to report the bodily injuries" she suffered at the hands of the defendants, including by ignoring her kites, refusing to render aid for her swollen ankle and bruises, and not taking her reports of sexual assault. ECF No. 13 at 27. Although the plaintiff asserts some specific conduct against particular defendants, the subclaim remains too sparse to satisfy Rule 8, as it fails to put defendants on notice of when this conduct occurred. The subclaim appears to allege that the plaintiff never received any medical attention for her injuries while in custody—but this is precisely the kind of "'kitchen-sink' or 'shotgun'" pleading not allowed under Rule 8. *Pachta v. Judd*, No. 19-cv-0030-RB-GJF, 2020 WL 4201844, at *2 (D.N.M. July 22, 2020). Furthermore, although the amended complaint frames this conduct as an equal protection violation, it does not

include any allegations that other similarly-situated individuals were treated differently, requiring dismissal under Rule 12(b)(6), as well.

## IV. The Fourth Amendment Claim (Claim Four)

The amended complaint raises two subclaims under the Fourth Amendment, neither of which state a claim for relief. First, the plaintiff realleges that the defendants searched her cell while she was in the shower and removed her legal journal. ECF No. 13 at 28. As discussed, pretrial detainees do not have a "reasonable expectation of privacy in their [ ] cells or in the articles that they have in their possession" while in custody, *Thomas v. El Paso Cnty.*, No. 23-cv-01804-PAB-SBP, 2024 WL 4268478, at *5 (D. Colo. Sept. 3, 2024), so the plaintiff cannot maintain an unlawful search-and-seizure claim for this conduct. Second, the plaintiff expressly realleges the sexual assault in the shower—first raised in subclaim one ("A") of her Eighth Amendment claim—as an unlawful-seizure claim. ECF No. 13 at 29. But, as discussed above, the problem with this allegation is not that the plaintiff failed to identify a cognizable constitutional violation; rather, she failed to provide any indication of when it occurred, as required under Rule 8. This deficiency remains. Accordingly, the amended complaint's Fourth Amendment claim should be dismissed in its entirety.

## V. Municipal Liability Against DCSO

"A municipal government is not liable for every constitutional violation by one of its officers or employees." *Whitson v. Bd. of Cnty. Comm'rs*, 106 F.4th 1063, 1066 (10th Cir. 2024); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, for claims under 42 U.S.C. § 1983, "a municipality is responsible only for (1) actions taken by subordinate employees in conformity with preexisting policies or customs and (2) actions taken by final policy makers, whose conduct can be no less described as the official policy of a municipality." *Whitson*, 106 F.4th at 1066–67 (quotation marks omitted). Assuming that DCSO, as the sheriff's

office, is the appropriate governmental entity, *McLaney v. El Paso Cnty.*, 828 F. Supp. 3d 1124, 1141–42 (D. Colo. 2026), the amended complaint does not identify any DCSO policy or custom, much less allege facts showing that the constitutional violations resulted from a "preexisting polic[y] or custom[ ]" or from the conduct of a final policymaker. *Whitson*, 106 F.4th at 1066–68; *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283–91 (10th Cir. 2019) (affirming dismissal of municipal § 1983 claim where the plaintiff failed to allege plausibly that a deputy sheriff's use of excessive force resulted from an official policy or custom). Accordingly, the amended complaint should be dismissed against defendant DCSO because the plaintiff does not sufficiently allege municipal liability. *See* ECF No. 36 at 13–14.

## VI. Request for a Rule 12(e) Order for More Definite Statement

In their motions to dismiss, the defendants request that, in the alternative, the Court order the plaintiff to provide "a more definite statement of the pleading" under Fed. R. Civ. P 12(e). ECF No. 36 at 7–8; ECF No. 51 at 7–8. The Court declines for three reasons.

First, "Rule 12(e) is designed to strike at unintelligibility rather than want of detail." *1881 Extraction Co. LLC v. Kiinja Corp.*, 660 F. Supp. 3d 1059, 1076 (D. Colo. 2023) (quotation marks and citation omitted). While the amended complaint is less than pellucid at times, it is not unintelligible. To the contrary, its primary deficiency is a lack of details, particularly with respect to timing, which is not a basis for ordering a party to file a more definite statement. *Emps. Mut. Cas. Co. v. Downey Excavation, Inc.*, No. 10-cv-02043-MSK-KMT, 2011 WL 1335839, at *1 (D. Colo. Apr. 7, 2011). Indeed, that the defendants prepared "robust" motions to dismiss "challenging the sufficiency of the allegations" demonstrates that an order for a more definite statement is not necessary or appropriate. *Kiinja Corp.*, 660 F. Supp. 3d at 1077.

Second, the screening magistrate judge previously advised the plaintiff about the need to conform her pleading with the requirements of Rule 8. *See* ECF No. 8 at 4 (citing *Nasious*, 492

F.3d at 1163, for the proposition that the plaintiff "must explain" how each defendant harmed her, when they did it, and what legal right they violated). The magistrate judge also advised of the legal standards for conditions-of-confinement claims and municipal liability. *Id.* at 5–8. Despite its length and other shortcomings, the amended complaint considerably improves on the first—it breaks out the specific allegations into paragraphs, adds details, and situates each claim under relevant constitutional authority. Importantly, the amended complaint sufficiently states three claims for excessive use of force. "As a general matter, if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." *Jones v. Bock*, 549 U.S. 199, 222 (2007). Having already amended her complaint once, it is not clear that directing the plaintiff to file a more definite statement will yield a better pleading.

Third, and by the same token, the plaintiff alleges that the defendants took her journal with the "dates, times, locations" for the incidents and the names and badges for the defendants that harmed her. ECF No. 13 at 24, 28. It is therefore unclear whether the plaintiff could even comply with an order to submit a more definite statement were the Court to order one.

## CONCLUSION

For the foregoing reasons, the Court hereby **RECOMMENDS**[2] the following:

[2] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties

The Douglas County Defendants' Motion to Dismiss First Amended Complaint, ECF No. 36, and Doulgas County Deputies' Motion to Dismiss First Amended Complaint, ECF No. 51, should be **GRANTED** in part and **DENIED** in part, as follows.

1. The Doulgas County Defendants' Motion to Dismiss First Amended Complaint, ECF No. 36, should be **GRANTED** to the extent of **DISMISSING** all claims against the Douglas County Sheriff's Office **without prejudice**. *See, e.g., Marshall v. Dix*, 640 F. Supp. 3d 1033, 1069 (D. Colo. 2022) (dismissal of *Monell* claim at the pleading stage should be without prejudice).
2. Both motions to dismiss, ECF Nos. 36, 51, should be **GRANTED** to the extent of **DISMISSING** the Fifth Amendment claim, ECF No. 13 at 13, subclaims one, two, three, four, five, seven, eight, nine, eleven, twelve, thirteen, fourteen, sixteen, seventeen, and eighteen for the Eighth Amendment claim, *id.* at 13–16, 18–19, 21, subclaims one, two, three, four, five, eight, nine, and ten for the Fourteenth Amendment claim, *id.* at 13–16, 18–19, 21, and the Fourth Amendment claim, *id.* at 28–29, against the remaining defendants **without prejudice**. *See Nasious*, 492 F.3d at 1162 n.3 (the Tenth Circuit has "affirmed district courts' dismissals of actions without prejudice for failure to comply with Rule 8 under our basic abuse of discretion standard") (collecting cases); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (dismissal for failure to state a claim under Rule 12(b)(6) should generally be without prejudice unless "granting leave to amend would be futile").

---

must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.

3. Both motions to dismiss should be **DENIED** to the extent that subclaims six, ten, and fifteen for the Eighth Amendment claim, ECF No. 13 at 17–18, 19, 20, state facially sufficient claims for excessive use of force on three separate occasions. They should also be **DENIED** to the extent that subclaims six and seven for the Fourteenth Amendment claim, *id.* at 25–26, allege the same incidents as Eighth Amendment subclaims six and eleven. Because the plaintiff was a pretrial detainee, the three facially sufficient excessive use of force claims are properly raised under the Fourteenth Amendment.

4. Both motions to dismiss should be **DENIED** to the extent that they request an order for a more definite statement under Fed. R. Civ. P. 12(e) in the alternative.

The plaintiff's Motion Requesting a Status Check, ECF No. 78, is **GRANTED** insofar as this Recommendation updates her on the status of the case.

Respectfully submitted this 20th day of August, 2026.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge