IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00862-CNS-CYC

JESSICA L. GONZALEZ,

Plaintiff,

v.

DARREN M. WEEKLY,
TOMMY BURRELLA,
SHERIFF MYERS,
SHERIFF ORTIZ,
SHERIFF FEATHER,
SHERIFF BURETTA,
SHERIFF FITSGERALD,
SHERIFF PIROG,
SHERIFF B. BURRELLA,
SHERIFF MOORE,
CAPTAIN JOHN DOE (1),
CAPTAIN JOHN DOE (2),
CAPTAIN JANE DOE,
SHERIFF JOHN DOE (1),
SHERIFF JOHN DOE (2),
SHERIFF JANE DOE (1),
SHERIFF JANE DOE (2),
SHERIFF BURNS,
MENTAL HEALTH EMPLOYEE JOHN DOE,

Defendants.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on the plaintiff's Prisoner's Motion for Appointment of Counsel. ECF No. 82. Oral argument will not materially assist in the resolution of this matter and the motion is appropriately considered even without a response from the defendants. *See* D.C.COLO.LCivR 7.1(d). For the reasons that follow, the motion is **GRANTED**.

## BACKGROUND

In her amended complaint, the pro se plaintiff asserts that the defendants violated her constitutional rights in a variety of ways while she was a detainee at the Douglas County Jail, including by sexually assaulting her, denying her medical care, placing her in restrictive confinement, and using excessive force against her. The defendants who were properly served filed motions to dismiss the amended complaint. *See* ECF Nos. 36 and 51.

On August 20, 2026, this Court issued an order and recommendation with respect to the motions to dismiss, recommending dismissal for all but three of the plaintiff's claims which alleged discrete excessive use of force incidents between March and July of 2023. *See* ECF No. 80 at 2, 25–26. The district court judge affirmed and adopted the Court's recommendation. ECF No. 86. The matter is set for a scheduling conference on November 17, 2026. ECF No. 89.

## ANALYSIS

Unlike criminal defendants, civil claimants do not have a Sixth Amendment right to appointed counsel. *Fischer v. Dunning*, 574 F. App'x 828, 832 (10th Cir. 2014). Moreover, a district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating factors and adding (1) the demonstrated inability of the unrepresented party to retain an attorney by other means and (2) the degree to which the interests of justice, including the benefits to the court, will be served by appointment

of counsel). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is sufficient merit to h[er] claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115.

This is the plaintiff's third motion for appointment of counsel. *See* ECF Nos. 19, 53. Her first two motions were denied without prejudice, *see* ECF Nos. 21, 67, but there has since been a material development in the case, namely, three claims in her amended complaint survived the defendants' motions to dismiss. This development changes the calculus for the appointment of counsel. *See Pettigrew v. Long*, No. 23-cv-1294-MDB, 2024 WL 5336648, at *5 (D. Colo. Aug. 15, 2024). First, while the ultimate strength of the plaintiff's claims remains to be seen, their survival of the motion to dismiss indicates that they are at least potentially meritorious. Second, although the claims themselves—three discrete incidents of excessive-use-of-force—do not appear especially complex, the plaintiff's ability to "investigate the facts" and litigate potential discovery motions and motions for summary judgment is sharply diminished. *See id.* Whereas before, the plaintiff simply needed to rely on her own knowledge of the facts to amend her complaint and defend it against the defendants' motion to dismiss, she now has to draft subpoenas, interrogatories, requests for production, and prepare for and conduct depositions. *Id.* Therefore, the interest of justice, including the "benefits to the court," supports the appointment of counsel at this stage. D.C.COLO.LAttyR 15(f)(1)(B)(iv). Altogether, the balance of the factors now weigh in favor of appointment of counsel.

In granting the relief sought, the plaintiff is reminded that "the Court cannot force an attorney to take the case, but it can ask." *Pettigrew*, 2024 WL 5336648, at *4. And so, it will.

## CONCLUSION

For the foregoing reasons, the plaintiff's Prisoner Motion for Appointment of Counsel, ECF No. 82, is **GRANTED**.

The Clerk of Court is directed to select, notify, and seek appointment of counsel from the Civil *Pro Bono* Panel to represent the plaintiff in this matter for general purposes. The Court cautions that the plaintiff remains responsible for all case deadlines, discovery requirements, and scheduled matters, including hearings, depositions, motions, and trial.

Entered and dated this 23rd day of September, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge